## Dave Speer v. The State.

### No. 161.    Decided November 17, 1909.

**1.—Sodomy—Misconduct of Jury—Telephone—Presumption.**

Where, after conviction of sodomy, defendant, in his motion for new trial, showed by affidavit attached that one of the jurors had talked over the telephone to some person unknown, and the record did not disclose that there was any investigation of the facts touching this matter, it will be presumed that such investigation did take place, and the trial court found the matter untrue.

**2.—Same—Opinion of Juror—Jury and Jury Law.**

Where, after conviction of sodomy, the defendant, in his motion for new trial, contended that one of the jurors had expressed an opinion as to the guilt of the defendant, but it did not appear whether said juror, upon his examination touching his knowledge of the case, asserted such opinion, and there was nothing to show that the juror could not try the case according to the law and the evidence, and that at most such an opinion was uttered before the juror was placed on his *voir dire* there was no error.

**3.—Same—Practice in District Court—State's Witness.**

Where, upon trial of sodomy, two of the principal State's witnesses were placed in charge of the jury, and there was nothing in the record to show on appeal any improper conduct to influence the jury, there was no reversible error, although the propriety of such practice is not to be commended.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of sodomy, the evidence supported the verdict of guilty, the same will not be disturbed.

Appeal from the District Court of Wood. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

The State's testimony showed that the defendant was seen in the act of copulation with a jennet; that the witness was about fourteen

feet from defendant at the time; that it was bright moonlight and there was nothing to obstruct the view of the State's witness; that when the defendant discovered the witness he ran away but was afterwards overtaken and arrested.

The opinion states the case.

*M. D. Carlock,* for appellant.—On question of misconduct of jury: McCampbell v. State, 37 Texas Crim. Rep., 607; Early v. State, 51 Texas Crim. Rep., 382, 19 Texas Ct. Rep., 272.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This is the second appeal of this case. On his second trial had in the District Court of Wood County on May 4th of this year, appellant was found guilty of the offense of sodomy, and his punishment assessed at confinement in the penitentiary for a period of five years.

We have carefully read the record in the case, and believe the evidence is sufficient to show appellant's guilt, or in any event that there is sufficient evidence in the case that would make it unwarranted in us in reversing the judgment of the jury so determining. The court gave an unexceptional charge in the case, and gave a special charge requested by appellant, and the substance of the only other one requested by him. The motion for a new trial is based on matters happening during the trial.

1. The first ground of the motion is based on the misconduct of the juror J. C. Bird. Affiant averred in his motion for new trial that he was informed and believed and charged it as true that on the next day after this case had been called and he had been empaneled as a juror, without the knowledge or consent of appellant or the presiding judge, that said juror communicated with someone over the telephone. That he is not advised as to who such person was or what said conversation was about, but was informed that the juror did have an extended conversation with some person over the telephone, and that same was in violation of the law and prejudicial to the rights of appellant. This ground of the motion is supported by the affidavit of J. M. Lloyd, which is to this effect: "On the 4th day of May, 1909, I heard Mr. Bird, one of the jurors on the Dave Speer case, talking to some person, who was unknown to me, over the telephone from the county clerk's office in Quitman, Texas, while he was empaneled as a juror in said cause, and before a verdict was rendered therein." The record does not disclose that there was any investigation of the facts touching this matter, nor is the evidence in respect to same preserved in the record. It is to be assumed that the trial court would have investigated and did investigate a matter of this sort, and in the absence of anything to the contrary, we think we

should hold that. this charge against the juror is untrue or that the communication was by consent of appellant or his counsel. The trial courts are peculiarly charged with the responsibility for the conduct and behavior of jurors in cases pending before them. They have it clearly within their power to punish for contempt or other misconduct, and they have peculiar means of investigating matters of this sort. We do not believe on a mere ex parte affidavit containing vague and general allegations such as this, where the court by overruling the motion for a new trial must be held to have found against the charge made, that we would be justified in reversing a judgment of conviction.

2. The next ground of the motion relates, in substance, to the supposed misconduct of one of the jurors, to wit: L. L. Willard. In his motion appellant avers that he was informed and believes that Willard has previously formed and ·expressed an opinion as to the guilt of the defendant before he was sworn and empaneled in this case, and he is further informed and believes that such opinion was a fixed opinion in the mind of said juror, and that the same was .that this defendant was guilty and should be convicted; and that the said Willard did on the day he was empanaeled as a juror in this case express an opinion and state that he had formed an opinion and could not sit as a juror in this case, but that he afterwards qualified as a juror in said case. This ground of the motion is based on and supported by the affidavit of D. M. Maynor, to the effect, in substance, that on Monday, May 3, 1909, he had a conversation with the juror named in regard to this case, and that during the progress of the case he casually remarked to the juror, in substance, that they might put him on the jury in the case and thereby keep him at court some time, to which the juror Willard said, "No, no, not on that case," and shaking his head in a very determined way; that thereupon affiant asked him, "Why" and said Willard replied that he had formed an opinion as to the guilt or innocence of the defendant. That thereupon the affiant asked Willard if he was so far fixed in his opinion that he could not go into the jury box and receive the evidence as it should be received, to which he replied, "I believe that I could." "I am not certain what the reply was in this instance, as, at this time the conversation ceased." It will be noticed that in the affidavit of appellant that he does not aver distinctly what, if any, questions were asked this juror on his voir dire touching his knowledge of the case, and what, if any, opinion he had in respect thereto. It may be that uninstructed the juror believed that he had formed such opinion in the case as would disqualify him and yet have been, under the law, a qualified juror. Besides, as we interpret the affidavit of Maynor, the juror does not say that he could not go into the jury box and receive the evidence, as the witness puts it, as it should be received. In any event, as presented, in the absence of a showing

that the juror had been interrogated touching this matter and had misled appellant and his counsel, we do not think that this ground of the motion is tenable. This case is clearly distinguishable from the case of Early v. State, 19 Ct. Rep., 278. There the record showed that the matter was investigated by the court, evidence heard and the facts preserved by proper bill of exceptions.

3. Again, it is urged as ground for a new trial that the principal State witnesses, Craddock and Cain, on whose testimony the State mainly relied for a conviction, were placed in charge of the jury, and did guard said jury on the evening of May 3, 1909, on that night, the next morning, and at noon of the next day, and all the time that they were not actually engaged in the courtroom in the trial of the case. Affiant says that he does not know if they had any conversation with the jury about this case out of the courtroom, nor could he ascertain, but he charges that it was improper and prejudicial to his rights that the prosecuting witness should be placed in charge of the jury that was to try him for his liberty, and that this is an irregularity that should not be permitted by law; that they were interested in the conviction of the defendant, and without their testimony the jury could not and would not have convicted the defendant. We doubt the propriety of the jury being placed in charge of the witness Craddock, whose testimony was all important to the State, and without which no conviction could have been had. It possibly may have had the effect of impressing the jury that this was such a recognition by the court as to assure them of his responsibility, and yet we know of no rule of law and no good reason why, under all the circumstances, an officer should be required to abdicate his position and retire from the duties of his office solely and only because he is a witness in a case pending in the court which he serves. While we do not think the precedent a good one, in the absence of any showing that in fact and in truth the circumstance that he guarded the jury in any way affected their verdict, we do not believe that this furnishes any ground to set aside the conviction. The trial court was in far better position than we are to determine whether this was such an invasion of appellant's rights as might or could reasonably have caused an injury. As presented to us, we do not think that we could or should interfere.

4. Finally, it is insisted that the verdict of the jury is unsupported by the evidence. To this we cannot agree. There was testimony which, if believed, carried the most unequivocal and certain proof of appellant's guilt. This was a matter for the jury, and we cannot interfere with their action where there was evidence, if believed, to sustain their verdict.

The judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied December 22, 1909.—Reporter.]