Clyde Pelz v. The State.

No. 6206. Decided April 13, 1921.

1.—Using Automobile of Another—Information.

Where the information and complaint charged in one count that defendant had driven and operated, and caused to be driven and operated said car, the same was not duplicitous pleading. Following Todd v. State, 229 S. W. Rep., 515.

2.—Same—Name of Court—Information—Jurisdiction.

The fact that the legislative Act creating the court in which the instant case was tried denominated said court the County Court of Wichita County at law, and that the information stated its presentment in the County Court at Law of Wichita County, this met the requirement that it must appear from the information that it was presented in a court of competent jurisdiction.

3.—Same—Practice in Trial Court.

Where it did not appear that appellant was not given his statutory two days between the date of his arrest and the trial, or that he made the application for postponement, or that he was injured by the refusal of such postponement, there was nothing to review.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of using automobile without owner's consent; penalty, ninety days imprisonment in the county jail.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—On question of presentment of information, Davis v. State, 2 Texas Crim. App., 184; Bowen v. State, 13 S. W. Rep., 787.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at Law of Wichita County of the offense of using an automobile of another without the owner's consent, and his punishment fixed at ninety days imprisonment in the county jail.

A motion to quash because the information and complaint charged in one count that appellant had driven and operated, and caused to be driven and operated, said car, and that, therefore, said complaint was duplicitous, was properly overruled. Todd v. State, 229 S. W. Rep., 515, decided at the present term.

The fact that the Act creating the court in which this case was tried, denominated said court "The County Court of Wichita County at Law," and that the information stated its presentment in "the County Court at law of Wichita county," does not make the information subject to criticism upon the supposed ground that it is not in conformity with subdivision 2 of Art. 478, Vernon's C. C. P., requiring that from such information it must appear to have been presented in a court of competent jurisdiction. Prior to the passage of Chap. 5, Acts Third Called Session, Thirty-sixth Legislature, there was a County Court of Wichita County having general jurisdiction. By the use of the words "At Law," in its designation, the court created by said Act was differentiated in name from the County Court already in existence, and upon said court so created was conferred the criminal jurisdiction of the former court. It appears throughout that the distinguishing description, which is the use of the words "At Law," is preserved in all of the pleading. If it were possible for confusion to result, or mistake to occur by reference to the court of this trial, as the County Court *at law* of Wichita County instead of the County Court of Wichita County at law, it would be the duty of this court to uphold the objection here made, but we are unable to believe such contingency possible.

Appellant asked that his trial be postponed, the only ground of said application being that he had been so recently arrested and that his counsel had been engaged in another trial up to the morning of the instant trial. It does not appear that appellant was not given his statutory two days between the date of the arrest and of trial, nor is

it made to appear by the application for postponement, or in the motion for a new trial, that in any way has appellant been injured by the refusal of such postponement. In this situation no question seems to be presented to us for our review. It does not appear that appellant desired any witnesses whom he was unable to obtain, nor is any other question either of fact or of law stated in the record, which appellant was unable to fully develop or investigate, nor do any such questions appear by inference or conclusion from anything occurring on the trial. Speedy public trials are desirable. This case was but a misdemeanor, without apparent need for delay to investigate authorities, and we are given no sufficient reason for reversing because postponement was refused.

There is no statement of facts in the record, and no attack is made on the sufficiency of the evidence.

Finding no error in the record the judgment will be affirmed.