PETE DODARO v. THE STATE.

No. 6282.   Decided May 25, 1921.

**1.—Carrying Pistol—County Court—Precedent—Jurisdiction.**

Where the question, with reference to jurisdiction, has been decided adversely to the defendant in a recent case, it need not again be considered. Following Pelz v. State, 230 S. W. Rep., 154, recently decided.

**2.—Same—Charge of Court—Place of Business—Home—Requested Charge.**

Where the requested charge, with reference to the defendant's right of carrying his pistol from his place of business to his home, was not applicable to the facts in the instant case, there was no error in refusing it.

**3.—Same—Charge of Court—Evidence—Practice in County Court—Charge of Court.**

Where the court's main charge directed the jury not to consider the testimony of the State's witness, with reference to the intentions of the defendant, and sufficiently covered that portion of the requested charge which it was proper to give, there was no reversible error.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—On question of jurisdiction: Thomas v. State, 18 Texas Crim. App., 213.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for unlawfully carrying a pistol. Punishment was assessed at a fine of $100.

The record shows the information in the case to have been presented in the County Court at Law of Wichita County. Appellant filed a motion to quash because there is no such court as designated in Wichita County; but that the court was designated by the Act of the Legislature as the Court of Wichita County at Law. The question raised has been decided against appellant in the case of Clyde Pelz v. State, 89 Tex. Chim. Rep.. 166, 230 S. W. Rep., 154, decided April 13, 1921, and not yet reported.

Appellant requested the court to instruct the jury that appellant would not be guilty if he carried the pistol from his home to his place of business, or from his place of business to his home, when same was not carried habitually between said places. The charge in question would have been a pertinent one under a correct state of facts, but an examination of the statement of facts in this case leads us to the conclusion that the issue was not raised as presented in the requested charge, and therefore, the court was not in error in refusing to give the same.

Another charge requested by the appellant was to the effect that the jury be instructed not to regard the testimony of the State's witnesses that defendant placed a pistol against the side or breast of one of the witnesses and what he said in that connection, and also to exclude from their consideration the testimony of the witnesses as to what they thought the intentions of appellant were at that time. We find in the court's main charge an instruction directing the jury not to consider the testimony of the State's witnesses as to what they thought with reference to the intentions of defendant on the occasion in question. This sufficiently covered that portion of the requested charge which it was proper for the court to give, and it was not error to decline to give that portion which seeks to have the jury disregard the actions of the defendant with the pistol, and what he said at the time.

It is not necessary to state the evidence in the case at length, but it was sufficient to sustain the conviction, and finding no errors in the record, the judgment is affirmed.

*Affirmed.*