MORROW, Presiding Judge.
 

 The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.
 

 The evidence that the appellant transported whiskey is uneontroverted. He defended upon the ground that he was acting as a detective to entrap violators' of the prohibition laws and that his action was in that capacity. His testimony to that effect was controverted. His defensive theory was submitted to the jury in whawe conceive to be an appropriate manner. We have not been favored with a brief by the appellant. However, our examination of the requested charges leaves us of the opinion that taking into account the charge given by the court, no error was committed in refusing the special charges. They related in the main to the defensive theory to which we have adverted, and the charge as stated above, was submitted to the jury in a manner so as to leave no doubt in their minds
 
 *514
 
 that if in fact, the appellant’s connection with the whiskey was due to his arrangement with the peace officers to act in the capacity of a detective, or if upon that subject there was any reasonable doubt in the minds of the jury, an acquittal should follow.
 

 In the record is found a bill of exceptions which is bare of surrounding facts or conditions under which the ruling complained of took place. It appears from the bill that while the witness Crawford was on the stand, he was asked by the appellant’s counsel, this question: “You had told him to get evidence of stills and selling of liquor, hadn’t you? The bill shows that an affirmative answer was expected and that objection was sustained to the question. As to what testimony the witness Crawford had given and what his relation to the matter is not revealed by the bill. -The absence of such a showing does not sufficiently overcome the presumption which must be indulged in favor of the correctness of the court’s ruling. Moore v. State, 7 Texas Crim. App. 14.
 

 It was shown on the hearing of the motion for new trial that J. D. Crawford a deputy sheriff slept in the same room as the jurors though in a separate bed, which room was situated in the dormitory of the court house; that he was in the room with the jurors for a while in the day time. A number of jurors testified that nothing was said by Crawford about the case and that there was no discussion of it in his presence. Art. 750, C. C. P. requires that an officer shall attend the jury and remain sufficiently near them at all times to attend any proper calling “but shall not be with them while they are discussing the case; nor shall such officer, at any time while the case is on trial before them, converse about the case with any of them, nor in the presence of any of them.”
 

 It was held by the Supreme Court of this State, Judge Roberts writing the opinion; in the case of Slaughter v. State, 24 Texas Reports, 412, that an infraction of the statutory rule inhibiting the presence of an officer in charge of the jury at a time when the case was under discussion might be harmless and that proof of that fact alone would not render it imperative that a new trial should be granted. The conduct of the jurors in permitting the officer to be present under inhibited circumstances might carry the imputation of misconduct which would warrant a new trial, when due to the misconduct, the accused did not have a fair and impartial trial. A similar ruling was made in Martin’s case, 9 Texas Crim. App. 293, Presiding Judge White writing the opinion. It has been held that even though the officer in charge of the jury be a witness in the case, the inference of injury does not necessarily follow. See Speer v. State, 57 Texas Crim. Rep. 297; Holmes v. State, 70 Texas Crim. Rep. 214; Galan v. State, 150 S. W. Rep. 1171. Nothing in the present case shows any misconduct of the jury justifying this
 
 *515
 
 court in concluding that the discretion of the trial court was exceeded in refusing a new trial.
 

 The judgment is affirmed.
 

 Affirmed.