## W. B. CUPP V. THE STATE.

No. 9914. Delivered April 21, 1926.

Rehearing Withdrawn June 23, 1926.

**1.—Violating Banking Laws—Indictment—Motion to Quash—Properly Overruled.**

Where appellant, charged by indictment with unlawfully making a false entry upon the books of the Bluffdale State Bank, moves to quash the indictment for various reasons, and because same charges several offenses in one count, the motion was properly overruled. This court has clearly drawn the distinction between alleging separate and distinct offenses in a single count of an indictment, and in alleging one offense committed in several ways, as was done in this case. See Todd v. State, 89 Texas Crim. Rep., 99, and other cases cited.

**2.— Same — No Statement of Facts — Objections to Evidence — No Error Perceived.**

Where a record is before us without a statement of facts which can be considered, appellant's bill of exception complaining of the admission of certain testimony over his objections cannot be appraised by this court.

ON REHEARING.

**3.—Same—Motion Withdrawn.**

After filing his motion for a rehearing, appellant presents a sworn application for permission to withdraw his motion for a rehearing. This motion is granted, and the motion for rehearing is withdrawn, and the judgment permitted to stand on its original affirmance.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for making a false entry upon the books of the Bluffdale State Bank, penalty five years in the penitentiary.

The opinion states the case.

*Frazier & Avirette* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Erath County for unlawfully making a false entry upon the books of the Bluffdale State Bank, and his punishment assessed at five years' confinement in the penitentiary.

It appears from the record that the appellant was cashier

of the Bluffdale State Bank, and is charged with knowingly making a false entry in the books of said bank and in the account of Kight & Oakes for the purpose of deceiving the officers of said bank, the Commissioner of Banking, and any examiner or agent authorized to examine the affairs of said bank. The appellant moved to quash the indictment for several reasons: First, because the indictment alleged that the appellant was cashier of "a certain state bank, then and there known as the Bluffdale State Bank, which said state bank was a corporation * * *," etc.; appellant contending that said allegation did not affirmatively state the true corporate name of said bank. This averment seems sufficient. Second, because said indictment charges that appellant, in the general ledger of said bank, made a certain false entry in the words and figures following, to-wit, "Feb. 6, 3,400," in the acceptance account of said Kight & Oakes, "Feb. 6" being under the heading of "date" and "3,400" being under the heading of "credit." The indictment further alleges that the said false entry thereby meant, and intended to convey the impression, that said Kight & Oakes had deposited and placed in their account the sum of $3,400. Appellant, in his motion, contends that said innuendo averments as to the meaning of the alleged entry introduced new matter other than evidenced by said entry and constituted a material enlargement of the sense and true meaning of the words and figures alleged to have been written by appellant. We are unable to agree with this contention. Third, appellant contends that the court erred in failing to sustain said motion to quash because the indictment alleged that the appellant "knowingly made and caused to be made" in a book belonging to said bank said alleged false entries, and that said allegation was duplicitous in that it did not affirmatively state whether appellant made said entries or caused same to be made. We think there is no merit in this contention. This is the usual way of alleging many offenses, and properly so, according to our view. Pelz v. State, 89 Tex. Crim. Rep. 166, 230 S. W. 154. Fourth, it is also contended in said motion to quash that the indictment is duplicitous in that it charges appellant with having made said false entries "with intent to injure and defraud the bank in question; to deceive the officers of said bank; to deceive the Commissioner of Insurance and Banking for the State of Texas, and any examiner or special agent authorized by law to examine the affairs of said bank." In other words, it is the contention of appellant that the state charged several different and distinct

offenses in one count of said indictment, under Art. 545, 1925 Penal Code (Art. 523 of the old code). We think this contention is untenable and that the indictment, instead of charging several separate and distinct offenses in a single count, charges only one offense, with the intention, on the part of appellant, of deceiving several different persons, and in fact all the persons, authorized to investigate his acts. This court has clearly drawn the distinction between alleging separate and distinct offenses in a single count of an indictment and in alleging one offense committed in several ways. Todd v. State, 89 Tex. Crim. Rep. 99, 229 S. W. 515; Pelz v. State, supra; Sheffield v. State, 99 Tex. Crim. Rep. 95, 268 S. W. 162, on rehearing.

The record discloses three bills of exception. The first complains of the action of the court in refusing to permit appellant to ask the jury certain questions. This bill shows no error. The other two bills complain of the admission of certain testimony over appellant's objections. There being no statement of facts signed by the trial court in the record, said bills show no error.

We are of the opinion, from a careful examination of the record, that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There is on file with the clerk of this court the sworn application of appellant in this case for permission to withdraw his motion for rehearing now pending in this court. Appellant's application will be granted, and the motion for rehearing will be withdrawn and the judgment permitted to stand as upon its original affirmance.

*Motion withdrawn.*