## M. T. BOYD v. THE STATE.

No. 14604. Delivered January 13, 1932.

110

The opinion states the case.

*Gentry & Gray,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is making a false entry in a book of a state bank; the punishment, confinement in the penitentiary for two years.

Appellant was cashier of the Farmers and Merchants State Bank of Lindale. It was undisputed that appellant made an entry in the general ledger of the bank showing that on March 4th, 1930, the total amount of individual deposits in the bank subject to check was $76,336.83. Further, it was undisputed that on the date mentioned the true amount of individual deposits subject to check was approximately $96,000. The individual ledger sheets on which entries had been made accounting for the amount of $20,000 in individual deposits had been removed from the ledger. They were later found by the examiner. There was a shortage of approximately $20,000. Appellant did not testify.

Appellant's motion to quash the indictment embraced several grounds. It was averred that the indictment charged no offense, and that it was vague and indefinite in its allegations. An examination of the indictment discloses that it charges every element of the offense created by the statute with sufficient certainty. It is in substantially the same form as the indictment set forth in the opinion in King v. State, 113 Texas Crim. Rep., 130, 19 S. W. (2d) 52.

It was averred in a single count in the indictment that the entry was made with the intent to defraud the bank and with the intent to deceive the Commissioner of Banking of the State of Texas. Appellant moved to quash the indictment on the ground that it was duplicitous. The indictment was not duplicitous. Only one offense was alleged. Cupp v. State, 105 Texas Crim. Rep., 55, 285 S. W., 322.

It was urged as a ground for a new trial that one of the jurors had previously expressed the opinion that all of the parties in charge of the bank ought to be sent to the penitentiary. Two witnesses for appellant testified on the hearing of the motion that the juror had made the statement in question to them sometime prior to the trial. The juror declared that he had no recollection of having made the statement. He said he believed he would remember it if he had made such statement. He testi-

fied further that he entertained no opinion as to appellant's guilt when accepted as a juror. He said he was not prejucided against appellant. Counsel for appellant testified that they were not aware when they accepted the juror that he had formed or expressed an opinion as to appellant's guilt. It was not shown that the juror was asked any questions on his voir dire touching the expression of an opinion as to appellant's guilt. If the juror was asked whether he entertained an opinion as to the guilt or innocence of appellant, the record fails to disclose it. In the absence of a showing that the juror had been interrogated touching this matter, and had misled appellant and his counsel, the opinion is expressed that the action of the trial court in overruling the motion for new trial should be sustained. Speer v. State, 57 Texas Crim. Rep., 297, 123 S. W., 415; Armstrong v. State, 34 Texas Crim. Rep., 248, 30 S. W., 235.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.