# JUNE 1, 1938

## E. T. BARKETT v. THE STATE.

No. 19386.  Delivered March 3, 1938.
Rehearing denied April 20, 1938.
Appellant's request for leave to file second motion for rehearing
denied (without written opinion) June 1, 1938.

The opinion states the case.

*A. E. Shepherd,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of unlawfully possessing beer for purpose of sale in dry area. His punishment was assessed at a fine of $1,000.00 and confinement in the county jail for twelve months, the maximum punishment prescribed for such offense.

Appellant contends that the court erred by instructing the jury with reference to the punishment prescribed by subdivision 41 of Article 666, P. C., which he claims relates only to whisky, when under the charge in the information, he should have instructed them relative to the punishment prescribed by Section 25 of Article 667, P. C., which he claims is the punishment prescribed for the possession of beer for sale in dry area.

We find ourselves unable to agree with him. If the prosecution had been instituted after Section 25-b of Article 667 went into effect, there might be some merit in his contention. The offense here charged was committed on the 27th day of April, 1937. He was tried and convicted on the 5th day of May, 1937. The article in question and upon which appellant bases his contention, did not go into effect until September 1, 1937, some four months after his conviction. Hence the court did not err by instructing the jury with reference to the punishment prescribed by Section 41 of Article 666, supra.

By bill of exception number one, appellant complains of the testimony of Turner Keith, an inspector for the Texas Liquor Control Board. Keith testified that on the 23d day of April, 1937, he went into appellant's place of business, purchased six cans of beer from a dark-skinned boy wearing a yellow polo shirt, and noticed in the rear of said building some persons sitting at a table drinking beer. Appellant objected on the ground that the sale was made in his absence and without his knowledge, and the State had not shown that the party who made the sale of beer was his agent. It must be remembered that appellant was only charged with *possessing* intoxicating liquor, to-wit, beer, in dry area for the purpose of sale, and not with its sale. Therefore we think the testimony was admissible. On April 27, another State Liquor Control Board Agent purchased six bottles of beer from a dark-skinned boy.

These sales occurred on appellant's premises on the 23d and 27th days of April; hence testimony regarding them was admissible to show that he had the beer for the purpose of sale.

Bill of exceptions numbers two and three are insufficient in themselves to reflect any error.

The matters complained of in the motion for a new trial

relating to the misconduct of the jury were controverted by the State. The court heard testimony on the issue formed and decided it adversely to the appellant. This Court is not authorized to disturb the trial court's findings on a fact issue unless it is made to appear that he abused his discretion. See Boyd v. State, 119 Texas Crim. Rep. 109.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in his motion for a rehearing of the severity of the verdict, which was the maximum allowed under the law. Mr. BRANCH, in his Penal Code, p. 334, Sec. 655, says:

"When the verdict has received the approval of the trial court, and the punishment imposed is within the limits prescribed by the statute, it will not ordinarily be held excessive on appeal," citing many cases.

The jury saw fit to impose the maximum penalty herein, and we are unable to change the same; nor do we see any reason for setting the same aside. There are other State agencies whose prerogatives might cause them to entertain such a complaint, but such power does not lie in this Court.

We think the original opinion herein has discussed the salient points of this appeal, and correctly decided the same.

The motion is therefore overruled.