**Albert J. MATTHEWS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36173.**

Court of Criminal Appeals of Texas.

Jan. 29, 1964.

Rehearing Denied March 11, 1964.

B. Rice Aston, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Bill White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Our prior opinion is withdrawn.

Appellant waived a trial by jury, entered a plea of guilty before the court to the charge of unlawfully carrying a pistol, and was assessed punishment at confinement in jail for six months.

At the hearing, Clarence Robertson, called as a witness by the state, testified that

on the night in question he came out of a tavern, met the appellant, and, upon saying " 'Good evening,' " appellant did not reply but removed a pistol from his coat pocket and shot the witness in the hip.

Appellant complains of the court's action in admitting such evidence showing that on the occasion in question he shot Robertson. An examination of the record reflects that appellant did not timely object to the evidence and that there was other evidence admitted without objection with reference to his shooting the witness. Had appellant timely objected, the court's action still would not have been error, as in prosecutions of this nature evidence of the acts and conduct of the accused at the time he is charged with carrying a pistol is admissible. Dodaro v. State, 89 Tex.Cr.R. 391, 231 S.W. 394; Lively v. State, 150 Tex.Cr.R. 485, 202 S.W.2d 850.

Testifying as a witness in his own behalf, appellant stated that on the occasion in question he heard someone curse him and, as he looked up, Clarence Robertson grabbed him around the throat with one hand, while holding his other hand in a position as if he had a knife, and that he then shot Robertson because he was scared and knew that Robertson was ready to cut him with the knife.

Complaint is made to the court's action in refusing, upon objection being made by the state, to permit appellant to show that prior to the night in question he and Robertson had certain difficulties and that Robertson had made threats against him.

The court excluded this evidence on the ground that it was not res gestae and not material to any defense upon a trial for the offense of carrying a pistol. Complaint is also made to the court's action in refusing to permit appellant to perfect his bill of exception by presenting his own testimony as to the prior difficulties with Robertson.

The state having, for the purpose of aggravating the punishment, introduced evidence to the effect that the appellant made an unprovoked and unlawful attack upon Robertson with the pistol he pleaded guilty to carrying on his person, he should have been permitted to meet such proof and testify to prior threats and violence by Robertson, and to any other facts showing that the assault was not unlawful but was committed in self-defense and was justified.

While the court's action was error, it does not call for a reversal, because the trial was before the court on a plea of guilty and the appellant did testify without objection, as follows:

"I was armed because he had threatened me. He had beaten up my father-in-law, put him in the hospital for six weeks—I mean six days and he threatened me and he has a reputation of a bad character, beating up people, and he has a bad habit of carrying a gun in his car and also a knife, and he threatened me * * *."

The state's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is affirmed.

Opinion approved by the Court.