**Affirmed and Memorandum Opinion filed July 9, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00250-CR

**MOHAMAD SALEH AWAD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1491745**

## M E M O R A N D U M   O P I N I O N

Appellant Mohamad Saleh Awad appeals his conviction for insurance fraud. In two related issues, he complains that the indictment did not provide adequate notice of the complainant's identity and that the complainant's name in the indictment fatally varied from the evidence of the complainant's identity established at trial. We find no merit to either of appellant's contentions, and we affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* Tex. R. App. P. 47.4.

## Background

Appellant owns a towing company, Hemo Towing Service. Appellant insured some but not all of his trucks with an insurance company, Progressive.

On June 2, 2014, one of appellant's tow trucks was severely damaged in a wreck. The truck was not insured under appellant's policy at that time. Appellant told one of his employees to tow the truck to an RV park where the employee lived. That same day, appellant added the truck and the driver to his insurance policy. On June 11, appellant called Progressive and told them the truck had been in a wreck on June 10. Progressive declared the truck a total loss and paid appellant for its value and other costs, totaling $30,483.

Approximately four months later, Progressive received a tip from the employee who originally towed the wrecked vehicle to the RV park. The employee told Progressive that the accident had occurred on June 2, not June 10. Progressive referred the investigation to the National Insurance Crime Bureau.

The indictment alleged that appellant, with intent to defraud and deceive an insurer, presented and caused to be presented to an insurer, namely, Progressive, a statement that appellant knew to contain false and misleading material information, specifically that the claimed loss occurred after the policy became effective. Prior to trial, appellant moved to quash the indictment, arguing that the indictment failed to adequately provide notice of the specific complainant. The court denied the motion, and the case proceeded to jury trial. The jury found appellant guilty of insurance fraud as charged in the indictment. The trial court sentenced appellant to ten years' confinement but suspended his sentence and placed appellant on community supervision for seven years. The court also assessed a $10,000 fine and ordered appellant to pay approximately $5,000 restitution.

Appellant timely appeals.

## Analysis

Appellant presents two issues for our review. First, appellant argues that the trial court erred in denying his motion to quash the indictment, which appellant says is insufficiently specific regarding the complainant's identity. Second, appellant contends that there is a fatal variance between the indictment and the proof presented at trial, again regarding the complainant's identity.

### A. Motion to Quash

The indictment charged appellant with insurance fraud against the complainant, "an insurer, namely, Progressive." Appellant moved to quash the indictment, arguing that the charging instrument failed to provide appellant with notice of the specific complainant. According to appellant, a search for "Progressive" on the Texas Secretary of State's website yields 1,501 results for corporations with "Progressive" in their name, and even a search for "Progressive Insurance" yields nine results. To adequately prepare for trial, appellant contended, he required notice "as to what specific Progressive corporation is alleged in the Indictment."

The Texas Constitution guarantees that in "all criminal prosecutions the accused . . . shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." Tex. Const. art. I, § 10. From this, courts have fashioned the general rule that notice of a criminal charge must be given with sufficient clarity to enable the defendant to anticipate the State's evidence and prepare a proper defense to it. *See State v. Moff*, 154 S.W.3d 599, 601-02 (Tex. Crim. App. 2004); *Sanchez v. State*, 182 S.W.3d 34, 44-45 (Tex.

App.—San Antonio 2005), *aff'd*, 209 S.W.3d 117 (Tex. Crim. App. 2006); *Flores v. State*, 33 S.W.3d 907, 917 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

If the charging instrument is deficient, a defendant may move to quash it. "A motion to quash challenges whether the charging instrument alleges 'on its face the facts necessary to show that the offense was committed, to bar a subsequent prosecution for the same offense, and to give the defendant notice of precisely what he is charged with.'" *Laurent v. State*, 454 S.W.3d 650, 653 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988)). A motion to quash should be granted only when the language describing the defendant's conduct is so vague or indefinite that it denies the defendant effective notice of the acts he allegedly committed. *DeVaughn*, 749 S.W.2d at 67. In analyzing whether the allegations in an indictment are sufficient to prepare a defense, we view the allegations from the defendant's perspective. *Drumm v. State*, 560 S.W.2d 944, 946 (Tex. 1977) (noting that a timely claim of inadequate notice "calls for examination of the criminal accusation from the perspective of the accused").

However, even if a charging instrument is deficient in some regard, not every inadequacy of notice requires reversal of a conviction. *See Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003). When a motion to quash is overruled, a defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend. *Id.* If an indictment fails to allege facts sufficient to give the defendant notice of the precise offense with which he is charged, "a conviction may be affirmed as long as the defect did not prejudice the defendant's substantial rights." *Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003). In this context, "[t]he important question is whether a defendant had notice adequate to prepare his defense." *Adams v. State*,

4

707 S.W.2d 900, 903 (Tex. Crim. App. 1986). "[I]n order to prove reversible error, an appellant must show that the omission of the requested information had a deleterious impact on his ability to prepare a defense." *Chambers v. State*, 866 S.W.2d 9, 17 (Tex. Crim. App. 1993).

We review a trial judge's ruling on a motion to quash the indictment de novo. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010).

The Court of Criminal Appeals long ago rejected appellant's principal argument that the indictment should have specified Progressive's legal or corporate name. In *Cupp v. State*, the defendant moved to quash his indictment, which alleged that he had unlawfully made a false entry upon the books of "a certain state bank, then and there known as the Bluffdale State Bank." *Cupp v. State*, 285 S.W. 322, 322 (Tex. Crim. App. 1926). The defendant contended that the allegation "did not affirmatively state the true corporate name of said bank." *Id.* The *Cupp* court summarily rejected the argument, stating "This averment seems sufficient." *Id.*

Presuming that the State was required to specifically identify the complainant in an indictment alleging insurance fraud under Texas Penal Code section 35.02, and further presuming that this indictment fails in that regard, we conclude appellant suffered no harm. Appellant had actual knowledge that the Progressive entity alleged in the indictment was in fact appellant's company's automobile insurer. Appellant attached to his motion to quash a copy of the insurance policy declarations page, which identifies the insurance policy for Hemo Towing and includes an itemized list of insured vehicles, drivers, and coverages. The declarations page identifies the underwriter as "Progressive County Mutual Ins. Co.," referred to by the trade name "Progressive" in the top corner of the page. Appellant had no difficulty identifying the policy and insurer in question.

Additionally, the State provided two discs of business records from "Progressive" to appellant and informed appellant that it would introduce the records at trial. During discovery, the State also disclosed a finding from "Progressive Special Investigator" Oscar Zambrano.

The State's pre-trial disclosures and appellant's copy of his company's automobile policy's declarations page demonstrate that appellant knew which insurance company the State alleged appellant defrauded. Appellant had sufficient notice of the nature of the offense alleged in the indictment and the State's theory against which he would need to defend himself, including the identity of the alleged defrauded insurer. *See Kellar*, 108 S.W.3d at 313; *see also, e.g.*, *State v. Stukes*, 490 S.W.3d 571, 577 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (rejecting defendant's inadequate-notice argument and noting that defendant "had ample notice in addition to that provided by the indictment," because the State provided offense reports and videotapes regarding instances underlying the indictment).[1]

We overrule appellant's first issue.

## B.    Fatal-Variance Argument

In his second issue, appellant argues that a fatal variance exists between the indictment and the evidence adduced at trial, specifically as to the identity of the complainant.

A "variance" occurs whenever there is a discrepancy between the allegations in the indictment and the proof offered at trial. *Byrd v. State*, 336 S.W.3d 242, 246

---

[1] In his reply brief, appellant raises for the first time a potential double-jeopardy issue, arguing that the indictment is insufficiently specific as to bar future prosecutions for the same offense. Appellant did not raise this argument in either the motion to quash or his opening brief, and we do not consider the merits of his argument. *See* Tex. Code Crim. Proc. art. 1.14(b); *Teal v. State*, 230 S.W.3d 172, 178 (Tex. Crim. App. 2007).

(Tex. Crim. App. 2011). Variances are mistakes of one sort or another, and they can be either material or immaterial. *See id.* Immaterial variances between the allegation and the proof are "little mistakes, generally not likely to prejudice a defendant's substantial rights," such as the right to be protected against double jeopardy. *Id.* at 247-48.

Courts routinely hold that minor variations of a complainant's name are immaterial variances, so long as there is no dispute that the person or entity who was injured or victimized is the same person or entity alleged in the indictment. For instance, when an indictment identified a complainant as "First State Bank," but the proof at trial showed the bank's corporate name to be "First State Bank, Sulphur Springs, Tex.," the Court of Criminal Appeals held that the variance was not fatal: "Appellant could have been in no matter misled as to the bank intended by the pleader." *King v. State*, 19 S.W.2d 52, 53 (Tex. Crim. App. 1928). In another case, an indictment alleged injury to an elderly person, namely "Olen B. Fuller," but the State at trial proved that the defendant injured "Buddy Fuller" or "Mr. Fuller." *See Fuller v. State*, 73 S.W.3d 250, 252-54 (Tex. Crim. App. 2002). Because there was no dispute that "Olen B. Fuller," "Buddy Fuller," and "Mr. Fuller" were the same person, any discrepancy in the "real" or "alleged" names was immaterial. *See id.* at 254; *see also Byrd*, 336 S.W.3d at 247 (giving example of indictment naming "Dan McGrew" as complainant, but State proved that victim was really "Don McGrew, Daniel Macgrew, or Dan Magoo"; court indicated that this would be immaterial variance); *Blankenship v. State*, 785 S.W.2d 158, 159-60 (Tex. Crim. App. 1990) (rejecting appellant's fatal variance argument when indictment identified "Armando Sanroman" as complainant but the State at trial established identity as "Rudolfo Sanroman"; evidence established that complainant was known by both names); *Bennett v. United States*, 227 U.S. 333, 338 (1913)

7

(variance between White Slave Act indictment allegation that defendant transported woman named "Opal Clarke" and proof that she was known as "Opal" and "Nellie" but that her true name was "Jeannette Laplante" was immaterial variance because the defendant knew the victim as "Opal Clarke").

In contrast, when the indictment identifies one person or entity as the complainant but the State proves at trial that the defendant committed the crime against a completely different person or entity, then the issue is really one of a failure of proof. For example, in *Byrd*, the indictment alleged the defendant stole property from Mike Morales, but the State at trial proved that the defendant stole property from Wal-Mart. *See Byrd*, 336 S.W.3d at 244. Therefore, the court held, the evidence was insufficient to sustain the defendant's conviction for theft as alleged in the indictment. *Id.* at 257-58.

This case is more like *King* and *Fuller* than like *Byrd*. Here, the indictment identified "Progressive" as the complainant and the evidence at trial proved that appellant committed insurance fraud against "Progressive" or "Progressive County Mutual Ins Co." The whistleblowing employee from Hemo Towing testified that he called "Progressive" and told "Progressive" that appellant's insurance claim contained false information. Another witness, Oscar Zambrano, testified that he is an investigator for "Progressive Insurance," agreed that "Progressive" is "an insurer," and confirmed that appellant held an insurance policy with "Progressive." Zambrano identified the policy number and the name of the insured, Hemo Towing Service. Zambrano also confirmed that "Progressive" ultimately paid appellant's claim and that "Progressive" received a tip that "there might be something wrong with the claim." One of the defense's witnesses, who worked with Hemo Towing as a dispatcher, testified that he "believe[d] it was Progressive" that insured Hemo Towing's fleet. Appellant also testified, repeatedly referred to "Progressive" as the

insurer at issue, and denied that he had "any type of intent to defraud Progressive." The documents provided as proof of the insurance policy—including the changes appellant made adding the wrecked truck and the truck driver to the coverage— show that "Progressive County Mutual Ins Co" underwrote the policy.

To the extent that the complainant as identified in the indictment varied from the proof of the complainant's identity at trial, we conclude that the variance is immaterial. There was no dispute at trial that "Progressive" and "Progressive County Mutual Ins Co" were the same entity—the entity the State proved appellant defrauded. *See Byrd*, 336 S.W.3d at 247; *Fuller*, 73 S.W.3d at 254; *see also Blankenship*, 785 S.W.2d at 160 ("If there is evidence that the person was known by the name alleged in the indictment, then the issue is raised and is properly left for the jury to determine."). Because we conclude that the variance, if any, is immaterial, we necessarily reject appellant's contention that he is in danger of double jeopardy. *See Byrd*, 336 S.W.3d at 247-48.

We overrule appellant's second issue.

## Conclusion

Having overruled appellant's two issues, we affirm the trial court's judgment.


/s/     Kevin Jewell
         Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.

Do Not Publish — Tex. R. App. P. 47.2(b).

9