### GEORGE RICHARDS V. THE STATE.
#### *No. 729. Decided March 26.*

1. **Assault with Intent to Murder—Continuance.**—Where, on a trial for assault with intent to murder, it was shown that the assault was made with a stick, and defendant moved for a continuance because of the absence, by reason of sickness, of a witness by whom he expected to prove that the stick was not such a weapon as would likely produce death, *Held*, the motion for a continuance should have been granted, in view of the fact that the evidence as to the character and size of the weapon was uncertain and inconclusive.

2. **Evidence—Admissibility of—Res Gestæ.**—The court properly admitted the testimony of the assaulted party that he was robbed of some money while defendant was beating him, as it was a part of the res gestæ.

3. **Same—Impeachment of Witness.**—Where, on a trial, the prosecuting witness denied that he had promised not to prosecute if he was paid a certain sum of money, evidence that he did make such proposition was offered, but excluded, *Held*, that the predicate was laid by the witness' denial, and the evidence offered should have been admitted.

4. **Practice—Admissibility of Evidence After Argument Commenced.**—After the evidence was closed and the argument commenced, defendant offered to testify, but did not state to the court what testimony he proposed to offer. *Held*, that the defendant in this respect stood in the same attitude as any other witness, and as the character of the evidence was not stated to the judge, there was no error in refusing to admit the evidence.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appellant was convicted of assault with intent to murder, and his punishment assessed at two years in the penitentiary.

No statement necessary.

No brief for appellant has reached the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.— The appellant was tried and convicted of an assault with intent to murder, and his punishment assessed at two years in the penitentiary.

The appellant assigns as error the overruling of his motion for a continuance of the cause. The application showed, that the witness Lula Gray had been duly subpœnaed, and that she was sick and could not attend.

The assault appears to have been made with a stick of some kind, and defendant desired the testimony of Lula for the purpose of proving that the stick with which the assault was made was small, and not such a weapon as would likely produce death.

The State's testimony showed, that the assault was made with a stick of some sort. Some of them say it was a piece of a billiard cue, but its size and weight are not shown. In our opinion, the case should have been postponed or continued so as to have procured the evidence of Lula Gray. The court properly admitted the testimony of the assaulted party, that he was robbed of some money while defendant was beating him, as it was a part of the res gestæ.

The testimony of Alice Richards as to the conversation between herself and the prosecutor, Tolan, should have been admitted. The predicate had been laid with the witness Tolan. He denied that he had offered to take $11 and not prosecute the case against defendant; and by witness Alice the defendant proposed to prove, that the prosecutor had offered to take $11 and not prosecute. This evidence was in direct contradiction of the prosecutor upon a material question, and went to his credit before the jury.

The bill of exceptions to the refusal of the court to allow the defendant to testify on his own behalf shows that the offer of defendant to testify was after the evidence had closed, and while the argument was in progress; and moreover, the defendant did not at any time state to the court what testimony he proposed to offer. We think the defendant in this respect stands in the same attitude as any other witness, and it must be shown by the character of the testimony offered, so that the court may judge whether same is necessary to a due administration of justice. As the character of the evidence offered was not stated to the judge at the time, we see no abuse of his discretion in refusing to permit the defendant to testify in his own behalf.

For the errors before indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.