## J. L. MORRIS v. THE STATE.

### No. 5369. Decided May 7, 1919.

**Forgery—Evidence—Cross-examination—Bias of Witness.**

Upon trial of forgery, the defendant had the right under the law to have the jury informed that the State's witness who had given important testimony, the truth of which he controverted, had an interest in the matter which would or might, in the judgment of the jury, disclose a motive for giving the testimony which would tend to discredit its truth. · Following Watson v. State, 9 Texas Crim. App., 237, and other cases.

Appeal from the District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

· *E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appeal is from a conviction for forgery. The alleged forged instrument was a check purporting to bear the signature of Fort Harris. The State's theory was that the appellant forged the check and passed it to a witness by the name of Persky, who was a junk dealer, in payment of an automobile motor. Perksy testified for the State, identifying the appellant and the check and fully supporting the State, theory. The appellant testified in his own behalf, denying any connection with the check and denying that he had purchased the motor of the witness Persky. Appellant's first bill of exceptions, after the preliminary statement. contains the following: "Be it remembered, therefore, that defendant asked said prosecuting witness if he had any interest in said prosecution; that the county attorney interposed objection thereto, merely stating that the State objected to said question and answer, and without stating any reason or ground therefor; that the court sustained said objection, and would not allow said question to be asked or answered; that said witness would have testified that he had an interest therein, and that they, he and son, offered not to prosecute defendant if he would pay said check." This bill is signed without qualification or explanation and sufficiently presents for decision the question whether the appellant had a right under the law to have the jury informed that the witness who had given important testimony against him, the truth of which he controverted, had an interest in the matter which would or might, in the judgment of the jury, disclose a motive for giving the testimony which would tend to discredit its truth. The right to make inquiry on cross-examination of a witness, which inquiry will develop any

facts showing his bias or interest in the subject of the controversy, we understand to be a well defined rule of evidence. Wharton's Crim. Ev., sec. 477. A list of numerous decisions of this court will be found in Branch's An. Texas P. C., sec. 163. We understand from the preliminary statement in the bill that the appellant desired to show that the witness had offered to forego any prosecution of the appellant to induce him to pay off the check, and failing in this, he desired to bring about his conviction in order to obtain possession of the motor which the witness claimed had been delivered by him to the appellant. Among the cases listed by Mr. Branch are several to the effect that testimony of this specific character should be received. Watson v. State, 9 Texas Crim. App., 237, Trimble v. State, 16 Texas Crim. App., 115; Hill v. State, 18 Texas Crim. App., 665; Jinkens v. State, 34 Texas Crim. Rep., 201; Richard v. State, 34 Texas Crim. Rep., 277. State's counsel suggests that an examination of the statement of facts will show that the appellant was permitted to ask the witness sundry questions touching his interest in the case, and that thereby the error disclosed by the bill of exceptions was cured. We have made this examination but fail to find therein the evidence which the court certifies in the bill the witness would have given had he been permitted. We regard the error material and because of it the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*