### KNOBLE v. STATE. (No. 8100.)

(Court of Criminal Appeals of Texas. March 5, 1924.)

**Witnesses ⟶321—Testimony to explain reason for carrying pistol held improperly excluded.**

Where, in a prosecution for carrying a pistol, defendant relied upon her mother's oral message, through another woman, to carry the weapon to her, the mother having failed to remember the message, it was reversible error to exclude the other woman's testimony that the message was given, as against contention that defendant could not impeach her own witness.

Appeal from Tarrant County Court, at Law; P. W. Seward, Judge.

Orline Knoble was convicted of unlawfully carrying a pistol, and she appeals. Reversed and remanded.

Mays & Mays, of Fort Worth, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Appellant was convicted for unlawfully carrying a pistol, and her punishment fixed at a fine of $100.

Appellant lived with her mother, father, and some other children in the city of Fort Worth. The record discloses that very unhappy relations existed between the father and mother, and had reached such a state that a short time before this alleged offense the mother had suggested that a pistol be obtained in order to protect her and the children. On account of the family trouble appellant's mother left her home in Fort Worth the day preceding the date of this alleged offense, and had gone to her sister at the town of Handley. Some of the evidence is to the effect that all of her household goods had been moved to Handley except the pistol in question, which she seems to have forgotten; other testimony is to the effect that she intended to remain at Handley for several days with her sister. Appellant was arrested while driving down Commerce street in the city of Fort Worth towards the depot, and was on a direct route from her home in Fort Worth to the town of Handley. Appellant's defense was that the pistol in question belonged to her mother, and that at her request appellant was taking it to her mother at Handley at the time the arrest occcurred; that appellant's father was in the car in which she was riding at the time, and that she expected to stop at the depot (which was no divergence from her direct route) and let him out so he could take the train to Houston; that she intended to proceed directly from that point to her mother's at Handley. Appellant claimed to have received through her sister, Mrs. Clay, a message from their mother asking that the pistol be brought to her. When the mother was placed upon the witness stand she failed to remember having any conversation with Mrs. Clay relative to such message, but did testify that she, in person, had requested that some of the children bring the pistol to her. The state of the record then before the jury was that appellant justified her possession of the pistol by reliance upon a message from her mother, delivered through Mrs. Clay; the

mother denied sending the message, but affirmed that she, in person, had requested the delivery of the pistol. Realizing that in this condition of the record the jury might not believe either story on account of the apparent discrepancy, appellant offered to prove by Mrs. Clay that the mother had in fact requested that appellant bring the pistol, and that Mrs. Clay in fact had delivered this message to appellant. Upon objection by the state this testimony was excluded, the objection appearing to be based upon the ground that it was an attempt by appellant to impeach her own witness. The bill bringing this matter forward for review shows that appellant's mother was an elderly lady, and that while being examined as a witness she became quite nervous and excited. In reply to the state's objection appellant averred that it was not an effort on her part to impeach her mother, but that the evidence was offered as direct testimony justifying her in having the pistol in her possession at the time she was arrested. We think the learned trial judge in error in excluding the offered testimony. At appellant's request he gave a special charge telling the jury, in substance, that, if appellant's mother had forgotten her pistol at the time she moved to Handley, and appellant was carrying the pistol to the mother at her request, appellant would not be guilty of a violation of the law. It occurs to us that the testimony excluded was properly admissible in support of the defensive issue thus submitted. If A, being the owner of a pistol, is informed by B. that C. desires to buy it, and that if A. would carry it to C.'s place of business a sale could be effected, and A. is apprehended and charged with unlawfully carrying the pistol while on the way to negotiate a sale to C., surely it would be competent and permissible to show that B. had received and delivered such message to A., as explaining why he had the pistol at the time and where he was taking it.

For the error in excluding the offered testimony, the judgment must be reversed and the cause remanded.