ORLINE KNOBLE v. THE STATE.

No. 9293.	Delivered June 3, 1925.

**1.—Carrying Pistol—Charge of Court—Restricting Defense—Erroneous.**

Where on a charge of unlawfully carrying a pistol, it was error for the court to charge the jury that if appellant was carrying the pistol in question to her mother's place of abode in response to a message sent her by her mother *"and for no other purpose,"* to acquit her. Such charge deprived her of the right to carry the pistol for any lawful purpose, except in response to a message from her mother.

**2.—Same—Evidence—Erroneously Admitted.**

It was error to permit an officer to testify that appellant did not stop readily when the officer tried to stop the car she was driving, it not being shown by what authority nor for what purpose he demanded her to stop the car, except that he wanted to have a conversation with her. Mere proof that witness is a police officer, will not warrant the inference of seeking to avoid arrest, because a party does not stop readily when such officer seeks to converse with such party.

**3.—Same—Evidence—Properly Admitted.**

It was not error to permit the state to prove what transpired at the home of the father of appellant on the night the offense is alleged to have been committed, as well as what transpired after appellant left the home of her father, such circumstance having a tendency of rebutting testimony of appellant as to her lawful purpose in carrying the pistol.

Appeal from the County Court at Law of Tarrant County. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction of carrying a pistol; penalty, a fine of $350.00.

The opinion states the case.

*Houtchens & Clark,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE,—The appellant was convicted in the county court at Law of Tarrant County for the offense of carrying a pistol, and her punishment assessed at a fine of $350.00.

This is the second appeal of this case. The first being reported in 259 S. W. 580, where a sufficient statement of the facts will be found.

It was the theory of the State in this case that on account of the unhappy relations between the father and mother of this appellant, with whom she lived in the city of Fort Worth, that she in connection with her brother were seeking to forcibly send her father out of the city. It was the appellant's theory that her mother on the day the offense is alleged to have been commited had moved her residence from their former home in Fort Worth to Handley, where her mother was living with her sister. Appellant further contended that her moher had sent her word to bring her pistol to her at Handley together with some other personal belongings and that she was on her way to Handley with the pistol at the time she was arrested. The record shows that the appellant lived with her mother and father up to the time of their separation and it is sufficient to clearly show that when they separated on the day the pistol is alleged to have been carried, that appellant has chosen to cast her lot with her mother. Under these conditions the court charged the jury that if they believed from the evidence that the defendant at the time of her arrest was acting under and through a message to the defendant by the witness Mrs. Clay, wherein defendant's mother requested the witness Mrs. Clay to tell defendant to bring her mother's clothing and pistol to her, and that the defendant was carrying the pistol in question in response to said message *and for no other purpose* or if the jury should have

a reasonable doubt thereof to acquit the defendant. Under the facts above stated, we think the limitation to the effect that appellant could carry the pistol for no other purpose than in response to her mother's message, under the peculiar facts of this case, was not justified. It is clear that appellant had the right to make her home with her mother and if she was carrying the pistol of her own volition from her former home where her father and mother resided together to her new home that her mother had but that day established, she would have the right to do so. This matter was called to the court's attention by appellant's charge No. 2, which was to the effect that if the defendant was carrying said pistol from her home in North Fort Worth to the place where her mother lived in Handley, and was in a district route while carrying the same from one of said places to the other, then the defendant would not be guilty of the offense of unlawfully carrying a pistol. We think it clear that this charge should have been given.

The record shows that the witness McKinney, a police officer in the City of Fort Worth, testified for the State. The substance of his testimony is that he saw appellant on the night of January 17, 1923, on North Main Street; he tried to stop her to have a conversation with her but that she did not stop until they got down to Commerce Street; that she was in an automobile and that he found a gun which she was carrying. The record is utterly silent as to why this police officer sought to stop this appellant while she was driving on the streets of Fort Worth and is utterly silent as to why he desired to have any conversation with her. He further testified that when he tried to have a conversation with her she poked a six shooter in his face and said "unload you roughneck" that at the time she made this statement, he was on the running board of the car. As above stated, the record fail utterly to disclose the reason given by this officer for being on the running board of this car and for seeking to indulge in any conversation with this appellant. Under this statement of facts, the record discloses that over appellant's objection, the State was permitted to prove by appellant on cross-examination that she did not stop readily when the officer tried to stop the car. Various objections are urged by appellant to this testimony. There is nothing in this record showing or tending to show that this officer had the right to stop this car. Of course, if he had such right and was acting in his official capacity in so doing, it was within the power, and it was clearly the duty of the State to show these facts and this burden is not met by the mere fact that the witness was a police officer. This court is not willing to hold that mere proof that witness is a police officer will warrant the inference of seeking to avoid an arrest because a party does not readily stop when such officer seeks to

converse with such party. In the present state of the record, we think the testimony should not have been admitted. We would not be understood, of course, as holding that if the police officer was exercising any legal right at the time it would not be proper to prove this transaction. Our holding is that the record is entirely silent as to why he stopped this appellant and as to why he wanted to have a conversation with her.

There are many bills of exception in the record objecting to the testimony as to what transpired at the home of the father of appellant on the night the offense is alleged to have been committed, as well as to what transpired after appellant left the home of her father. We think this testimony is admissible as supporting the State's theory that appellant was carrying the pistol to aid her in forcing her father to leave the city, and was not either carrying it to her mother or carrying it to her mother's home.

For the errors above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.