STANLEY HAWKINS V. THE STATE.

No. 9342.     Delivered November 18, 1925.

Rehearing denied December 23, 1925.

1.—Transporting Intoxicating Liquor—Evidence—Of Appellant—Properly Excluded.

Where on a trial for the transportation of intoxicating liquor, both the state and defendant having closed their evidence, and when the court was ready to read his charge to the jury, the defendant asked permission of the court to testify in his own behalf, no error is shown in the court's refusal to grant this request, it being shown that all witnesses had been excused, and appellant not having indicated at the time what his testi-

mony would be, if he took the stand to testify. Following Warren v. State, 31 Tex. Crim. Rep. 573; Richards v. State, 34 Tex. Crim. Rep. 277.

2.—Same—Requested Charge—On Circumstantial Evidence—Properly Refused.

Where on a trial for transporting intoxicating liquor, it is shown by direct evidence that appellant was seen driving a vehicle in such fashion that its contents were by him being transported from one place to another, and on being searched, such vehicle was found to contain a two gallon jug of whiskey, a requested charge on circumstantial evidence was properly refused.

3.—Same—Requested Charge—Properly Refused.

Where a charge was requested, that it would not constitute an offense to transport liquor twenty or thirty feet, and the evidence does not present such issue, without discussing the principle involved, we find no error in the refusal of such requested charge.

4.—Same—Requested Charge—Eliminated by Verdict.

Where an indictment contains two counts and the verdict of the jury convicts appellant under the first count, this operates as an acquittal under the second count, and requested charges submitting issues under the second count, which were refused, were eliminated by the verdict.

### ON REHEARING

5.—Same—Circumstantial Evidence—Charge on—Properly Refused.

In his motion for rehearing appellant insists that we were in error in our original opinion in holding that the court properly refused to charge on circumstantial evidence. A careful re-examination of the statement of facts, but confirms us in the conclusions reached in our original opinion, and the motion for rehearing is overruled.

Appeal from the District Court of San Saba County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*W. H. Browning* of Lampasas, *G. A. Walters* of Mexia, and *J. H. Baker* of San Saba, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of San Saba County of the offense of transporting intoxicating liquor, and his punishment fixed at confinement in the penitentiary for one year.

Appellant did not testify. He introduced his father and sis-

ter as his only witnesses and they testified that on the afternoon of the date charged, appellant left his father's home some miles distant from his own in a wagon and that within the knowledge of said witnesses the wagon contained no intoxicating liquor. The State's proof consisted of the testimony of the sheriff who said he was driving along a road going toward a gate which led from the road into appellant's premises and saw the latter turning out of the road and driving through the gate into his own premises; that said officer drove up to the gate and observed suspicious looking things in the wagon of appellant which had just been driven through said gate, and proceeded to search the wagon. Under some sacks in the bed of the wagon was found a jug of whisky. When the officer started to raise the sacks appellant told him not to do so.

There are four bills of exception. The first was taken to the refusal of the trial court to allow appellant to take the stand as a witness in his own behalf, a request being made of the court to allow appellant to testify after the evidence on both sides had closed and the court was ready to read his charge to the jury. The bill is qualified by a statement of the trial court to the effect that the witnesses had been excused, that both sides had closed their testimony, and that he was ready to read the charge to the jury when appellant made his request; also that appellant did not indicate what his testimony would be if he took the stand to testify. No error appears in the refusal. Warren v. State, 31 Tex. Crim. Rep. 573; Richards v. State, 34 Tex. Crim. Rep. 277.

Bill No. 2 was taken to the refusal of a special charge presenting the law of circumstantial evidence. Such refusal was not error. The sheriff swore positively to seeing appellant drive his wagon from the road through a gate into his own place. As stated above, other proof shows that he had just come from his father's home, a distance of several miles. The whiskey, upon search, was found in a jug covered by sacks and lying in the wagon bed. One whose case presents positive evidence that he was seen driving a vehicle in such fashion as that its contents were by him being transported from one place to another, can not assert said case to be one on circumstantial evidence because of the fact that the contents of such vehicle are not known to be whiskey until search thereof reveals the fact.

Bill No. 3 complains of the refusal of a special charge asking that the jury be told that no law was violated by the transportation of intoxicating liquor a distance of twenty or thirty

feet on a man's own premises. Without discussing the principle involved, we observe that there were no facts calling for the submission of such issue. We have already shown the appellant was leaving the road on which the sheriff was approaching when the latter observed him; the fact that he drove through a gate into his own premises by the time the officer came up, and that his wagon when searched was on his premises, could from no angle be held to support the proposition that he found the liquor and placed it in his wagon after going through his gate. The record before us negatives such hypothesis. He was in view of the officer from the time he was observed until the whiskey was found concealed under sacks in the wagon.

Bill No. 4 presents appellant's complaint of the refusal of a special charge asking that the jury be told that the State had introduced in evidence a statement made by appellant that he had the whiskey in question for his father who was in bad health, and that unless the jury should believe from the evidence beyond a reasonable doubt that this statement was untrue, they should acquit the appellant under the second count in the indictment. The indictment in the first count charged the unlawful transportation of the intoxicating liquor, and in the second count the possession of such liquor for purposes of sale. Said charge could only have application to the second count, and the jury by their verdict of conviction under the first count, acquitted appellant under the second count. We further observe that the State introduced in evidence no such statement of appellant as appears in this special charge. The statement referred to was made by the appellant when the sheriff discovered the whiskey jug under the sacks, the officer testifying that appellant said:

"Neal, don't do that", says "I will tell all about it if I have to, but I don't want to go to the penitentiary, or will have to go to the penitentiary, but I am making it for my father who was in bad health."

This is the only reference in the record to such statement. Appellant had just come from his father's residence according to the testimony of said father himself. Appellant did not say, in the language of said special charge, that he had or possessed the liquor for his father. He said that he was making it for his father. He did not claim that he was transporting it for his father, and even if the evidence suggested that appellant was at some time or place unknown, making whiskey which might be for his father's use, this was not the statement made by him.

The testimony of the sheriff further showed that appellant was himself drinking at the time.

This disposes of all the errors complained of in the record, and being unable to agree with appellant's contention in any of them, and the evidence supporting the judgment, an affirmance will be ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that we erred in holding that the trial court did not err in refusing a special charge presenting the law of circumstantial evidence. We have again examined the statement of facts which is very short. We did not affirm in our original opinion that the sheriff saw appellant on a public road, but that he was "driving along a road going toward a gate which led into appellant's premises." We quote from the testimony of the sheriff:

"I saw him just as he was going into his gate up there, where the road leads from Wallace creek west, there is a gate and an automobile road that you don't have to open the gate for, and just as I come around by his house there, I saw him drive in at his gate, and when I got around to where he was, he had gotten through the gate into his field. I saw him as he was driving through the gate. There are two or three roads there, wagon roads, the wagon road that runs west he was on, * * * I drove on down to where he was and spoke to him. I don't think he was drunk. Think maybe he had had a drink or two.* * * I told him I would have to search him, and he said all right, go ahead, * * * I felt over in the corner of his wagon where these sacks were and I found a two gallon jug under them. When I went to reach over there, he said not to bother that. * * * When I reached over there where the whiskey was, he told me not to do that, to let it alone. * * * He told me, he says, 'Neal don't do that', says 'I will tell you all about it if I have to, but I don't want to go to the penitentiary, or will have to go to the penitentiary, but I am making it for my father who was in bad health.' * * * He was coming through the gate with his wagon when I saw him, and was traveling south in the direction of his home, * * * I think he come up this road here (showing) when I first noticed him going through his gate into the field. * * * I saw him as he drove through his gate and stopped his wagon and come back around the wagon to close the gate. * * * He was going through the gate when I

first saw him and I was driving on down the road towards the gate. * * * He had been in my view all the time coming down the road."

We have carefully considered this evidence but are unable to find anything in it demanding a charge on the law of circumstantial evidence. The officer saw appellant coming up the road turning into his gate. The officer said he was about seventy-five yards from the gate and was driving in that direction and drove right on down, reaching the gate about the time appellant got out of his wagon and came around behind it to close the gate. The whiskey found by the officer was in the wagon in a two gallon jug covered with some sacks. There seems no hypothesis suggested by the testimony upon which reason could base a claim for this character of charge. One who sees a vehicle traveling along a road and goes to it and finds in it only one man and a quantity of liquor, makes out a case of transportation by direct and positive testimony.

The motion for rehearing will be overruled.

*Overruled.*