## H. C. SIMMONS V. THE STATE.

No. 9857.   Delivered February 20, 1926.

1.—Possessing Intoxicating Liquor—Evidence—Examination of Witnesses —Harmless Error.

Where, on a trial for the possession of intoxicating liquor, appellant complains of the manner of the prosecuting attorney, in his examination of witnesses, averring that he propounded questions intended solely to reflect an improper influence upon the jury and not in good faith, and to prejudice them against appellant. To most of said questions said witnesses made answers favorable to appellant, and in the light of the qualifications by the court of these bills we do not regard the procedure as of sufficient importance as to warrant a reversal of the case.

2.—Same—Circumstantial Evidence—Charge On—Not Called For.

Where, on a trial for possession of intoxicating liquor for the purpose of sale, a number of eye witnesses testified not only as to appellant's possession of same, but also to his having sold it at the same time,

there was no error in the refusal of the court to charge on circumstantial evidence.   See Branch's Ann. P. C. Sec. 1874.   Following Hawkins v. State, 277 S. W. 1067.

**3.—Same—Judgment and Sentence—Reformed.**

> The judgment and sentence being incorrectly entered are now reformed to read that apellant having been adjudged guilty and his punishment assessed at two years in the penitentiary, will be confined in the penitentiary for not less than one, nor more than two years, and as reformed the judgment will be affirmed.

Appeal from the District Court of Smith County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*N. R. Gentry* of Tyler, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Smith County for the offense of unlawfully possessing intoxicating liquor for sale, and his punishment assessed at two years' confinement in the penitentiary.

Briefly stated, the facts show that there was a poker game going on in the room occupied by appellant and one Davis, in which a half dozen or more parties, including appellant and Davis, were engaged.   At a late hour of the night the room was raided by the officers, and about a quart of corn whiskey was found on a table or dresser in the room, and a gallon or more in a grip under the bed. It was the contention of the state that the whiskey belonged to the appellant, and that he was serving same to the parties engaged in said game, at 25 cents a drink, and that he sold to one of said parties a pint of said whiskey, and delivered it in the purchaser's room, for which he was to receive $2.50.   The appellant denied the ownership of said whiskey, and it was his contention, and he so testified, that he knew nothing about the whiskey being in the grip or in the jar upon the table, until he found the parties there playing poker, and at the request of some of the players, he merely handed the whiskey in the jar around for them to drink, and the money that was handed to him was not for the purpose of paying for the drinks, but to stake him in the poker game.

We find in the record five bills of exceptions. The first four of which complain of the manner of the district attorney in interrogating the witnesses, because it is contended that his questions propounded were not in good faith and intended solely to reflect an improper influence upon the jury and cast an improper prejudice upon their minds, without any intention upon the part of the state to support such insinuations by testimony. To most of said questions said witnesses made answers favorable to appellant, and with the qualification of the court on said bills, as presented, we are not prepared to hold that such procedure was of sufficient importance, or calculated to influence the jury to such an extent as would authorize a reversal in this case.

Bill of exception No. 5 is lodged against the charge of the court, but upon examination of same we find that the court's charge, together with the special charge requested and given, cover all issues raised by the evidence. The appellant complains because the court failed to charge on circumstantial evidence. The state's evidence in this case was positive as to the defendant's handling the whiskey in question; that is, the whiskey in the jar on the table, and the selling of same, and under such circumstances it was not error to refuse a charge on circumstantial evidence. See Branch's Ann. P. C. Sec. 1874 for a collation of authorities. Also Hawkins v. State, 277 S. W. 1067.

The verdict and judgment show that the apellant's punishment was assessed at two years in the penitentiary. In the sentence of the court thereon the appellant's punishment is adjudged at confinement for "one year". Said error in the sentence being clerical, same is hereby reformed to read that said defendant's punishment has been adjudged to be guilty, and his punishment assessed at two years in the penitentiary, and he shall be confined in the penitentiary for a term of not less than one nor more than two years. The said sentence so reformed, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.