## EARNEST MONDAY v. THE STATE.

No. 15803. Delivered April 5, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 435.

The opinion states the case.

*Morgan & Morgan,* and *L. D. Hartwell,* all of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The facts are sufficient to show that appellant possessed intoxicating liquor for purposes of sale, and we see no good reason for setting them out at length.

We find ten bills of exception. Bills 1, 2, 3 and 4 bring forward complaints of the action of the court below in sustaining the state's objection to four similar questions asked the prosecuting witness Thurman. He was asked as follows: "You are guilty, or have been charged with stealing turkeys?" The qualification to each bill is identical, and contains the statement of the trial court that he sustained the objection because the form of the question was such as that the court could not tell whether the charge referred to was a legal charge or merely a statement made by some one against the witness. We think the trial court correctly sustained the objection.

Bill of exception No. 5 complains of the refusal to allow appellant to ask witness Thurman if he had not pleaded guilty to "robbery of a private residence in Greenville on May 16, 1928, at which time the said Thurman was a juvenile." The court qualifies this bill by saying that the question asked carried with it the statement that at the time inquired about the witness was a juvenile, and that by the terms of the statute itself such testimony was not admissible for the purpose of impeaching the witness. See article 1092, C. C. P.; Robinson v. State, 110 Texas Crim. Rep., 345; Smith v. State, 113 Texas Crim. Rep., 124. There is no such offense as robbery of a house.

Bill of exception No. 6 complains of the action of the court in sustaining the state's objection to a question asked state witness Thurman, in effect, if he was not charged with a liquor violation and kept in jail in January, 1932, a number of days before he made bond to await the action of the grand jury. The trial in this case was had in December, 1932. This court has frequently held that, where a party had been charged in the justice court with a felony, and sufficient time has elapsed for the return of an indictment, and none has been presented, proof of the making of such complaint is not admissible for the purpose of impeachment. Wright v. State, 140 S. W., 1108; King v. State, 148 S. W., 324, 325. There are other authorities on this same proposition. Bill of exception No. 7 relates to the same matter.

Bill of exception No. 8 shows that appellant asked state witness Thurman if he had not written a letter to the appellant making certain demands. The state objected to this on the ground that the letter was the best evidence, and the court correctly sustained the objection. Appellant made no offer to produce the letter or show it was lost.

Bills of exception 9 and 10 are in question and answer form, and as such are violative of the requirements of article 760, C. C. P.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*