W. B. WALDRIP V. THE STATE.

No. 18119.   Delivered April 8, 1936.

The opinion states the case.

*F. A. Dale,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

Appellant pleaded guilty and filed his application for a suspended sentence. The State introduced testimony to the effect that on the 3rd of May, 1935, appellant broke and entered the barn of Walter Thomison and took therefrom some hams, middlings and shoulders.

Bills 1 and 2 relate to appellant's objection to the testimony of the injured party to the effect that appellant asked him if he would accept pay for the meat he and his father-in-law had stolen from him. Appellant was not under arrest at the time. The statement was admissible as a confession of guilt.

Bill of exception No. 3 shows that a character witness for appellant testified that she was a case worker for the relief office at Bonham, Texas, and that appellant had worked for

her. The witness was then asked to outline her duties. The State's objection to the testimony was sustained. The bill is defective in not showing what the answer of the witness would have been.

Bills 4 and 5 are in the same attitude as bill 3.

Bill of exception 6 brings forward complaint of the action of the court in refusing to permit a witness for appellant to testify that at about the time it was alleged appellant had committed the burglary there was no work to be had. We find nothing in the bill of exception showing that said testimony was relevant.

Bill of exception 7 relates to the action of the court in refusing appellant's request to reopen the case after the witnesses had been excused. It is shown in the bill that appellant desired to place additional character witnesses on the stand. An examination of the statement of facts discloses that several witnesses testified that appellant's general reputation as a peaceable and law-abiding citizen was good. The State made no effort to controvert said testimony. Art. 643, C. C. P., provides that the court shall allow testimony to be introduced at any time before the argument is concluded if it appear that it is necessary to a due administration of justice. In construing said article, this court has declined to reverse cases for the refusal of the court to reopen the case and permit the introduction of further testimony, unless it has appeared that under all of the circumstances, the appellant, without fault on his part, had been prejudiced by such refusal. Heidingsfelder v. State, 81 S. W. (2d) 510. The decisions are to the further effect that if there is no reason to believe that the evidence proposed to be offered was of a character to materially change the state of the case favorably for the accused, as it then stood before the jury, it will not be held that there was an abuse of discretion in declining to reopen the case. Heidingsfelder v. State, supra. In the light of the record, we are of the opinion that no abuse of discretion on the part of the trial judge is shown.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.