## MAY 19, 1937

MIKE ALLRED V. THE STATE.

No. 18749.   Delivered March 10, 1937.
Rehearing Denied May 19, 1937.

The opinion states the case.

*Clem Calhoun,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the of-

fense of robbery, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

Bill of exception number one reflects the following occurrence. The district attorney on cross-examination asked appellant if he was under indictment in Randall County and appellant replied in the affirmative. Thereafter on re-direct examination appellant undertook to explain his innocence of the charge and how he came to be charged with the theft. The State objected and the objection by the State was sustained. Appellant contends that if he had been permitted to do so he would have testified that said indictment grew out of a family squabble; that it was the result of a gun play which his landlord (White) had made on him; that his landlord (White) came over and jumped on him with a gun; that he had another person with him who impersonated an officer; that White told him he came over to give him his "pedigree." The explanation thus offered by appellant as hereinabove set out did not tend to show he was innocent of the offense of theft; neither was the same an explanation thereof favorable to him, nor did it relieve him from the odium of the offense charged. The rule is well established that when a defendant or any other witness who has been impeached by proof that there are indictments pending against him for an offense which involves moral turpitude, he is entitled to show such explanatory circumstances in connection with the indictment inquired about as would remove the implication of untruthfulness and would serve to re-instate him as a witness. But in the case under consideration appellant's proffered explanation merely showed that he at sometime had been assaulted by his landlord and another party which had no direct reference to or bearing upon the charge of the offense of theft then pending against him in Randall County. Nor did it tend to explain away the moral turpitude which flowed from the offense and attached to his character as a credible witness. Hence there was no error in the ruling of the court here complained of.

The second bill of exception is in question and answer form without a certificate from the trial court that it is necessary that it be in such form. Hence the same cannot be considered under art. 760, C. C. P. See also Monday v. State, 124 Texas Crim. Rep., 44.

The objections addressed to the court's charge have been duly considered by us and deemed to be without merit. We have gone over the statement of facts and have reached the

conclusion that the testimony is sufficient to sustain the conviction.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In connection with his motion for rehearing appellant brings forward a supplemental transcript containing bills of exception numbers three and four, which merely show exceptions to the court's qualifications to bills of exception numbers one and two.

Bill number two was in question and answer form, and it was recited in the body of the bill that the trial judge certified that such form was necessary. Among other things stated in what purports to be the court's qualification was a statement that the court "does not certify to the necessity of putting the bill in question and answer form. The court sees no reason why this bill should not be governed by the ordinary rules relating to preparation of bills of exception." It is appellant's contention that as bills three and four show that the qualifications to bills one and two were made and filed without notice to appellant's attorney that the notation mentioned should be disregarded as a qualification. We are not in accord with appellant in such contention. Art. 760, subdivision 3, C. C. P., reads as follows:

"* * * In all felony cases appealed, whenever the State and defendant can not agree as to the testimony of any witness, then so much of the transcript of the official court reporter's report with reference to each such disputed fact shall be inserted in the statement of facts as is necessary to show what the witness testified to in regard to the same, and constitute a part of the statement of facts, and the same shall apply to the preparation of bills of exception. Such stenographer's report, when carried into the statement of facts or bills of exception, shall be condensed so as not to contain the questions and answers except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved."

Said article very clearly provides that bills shall not be in

question and answer form unless in the opinion of the trial judge such form is necessary. The quoted memoranda on bill number two shows that in the judge's opinion said form was not necessary, and we think it should not be regarded as a qualification to which exception may be taken. This disposes of bills two and four.

We are of opinion that bill number three shows that the qualification to bill number one should not have been placed thereon without the consent of appellant, and that the bill must be considered without such qualification. In fact in our original opinion the bill was disposed of without reference to the qualification. The bill shows that on cross-examination appellant admitted that he had been indicted in Randall County for theft of property over the value of fifty dollars. On redirect examination he was asked by his counsel if that indictment had not grown out of a "family squabble"; objection was interposed to said question and was sustained. The bill then proceeds as follows:

"That the defendant, if he had been permitted to answer said question, would have testified that said indictment had grown out of a family squabble; that it all came out of a gun play that was made on him by one Frank White; that White had been his landlord; that he, the defendant, was farming two sections of White's land and that Durrup was farming two sections of White's land; that White came over there and jumped the defendant up with a pistol and had another fellow with a pistol impersonating as an officer and threatened the defendant that he had come over to give him his pedigree; and the defendant would have testified that he, the defendant, knew the indictment in Randall County inquired about had grown out of this old trouble."

If appellant had been permitted to testify to everything recited in the bill it is observed that there is no averment of innocence of the theft charge in Randall County; no claim that any member of appellant's family instituted the prosecution or was a witness in the case, and nothing to support what appears to be only the expression of appellant's opinion that the prosecution grew out of a "family squabble." We therefore adhere to our original opinion that no error is shown which demands a reversal.

The motion for rehearing is overruled.

*Overruled.*