# J. D. Smith v. The State.

No. 19053.   Delivered June 9, 1937.
Rehearing Denied October 20, 1937.

The opinion states the case.

*Davis, Avery & Wallace* and *E. B. Lewis,* all of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of robbery, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The State's testimony shows that on or about the 14th day of October, 1936, R. F. English, a farmer, came to the town of Center in the afternoon of said day with two bales of cotton. He carried the cotton to the weigher's yard, had it weighed, and received two cotton tickets issued by the weigher and also two samples. He was unable to sell his cotton because the bank was closed. At the time a county fair was in progress on the outskirts of said town and many people attended the fair. English stood around on the streets and met the appellant, the two engaged in a conversation during which time English remarked that he had sold his cotton and had the proceeds of the sale in his pocket. Sometime later Bud Wynn, a brother-in-law of appellant, came by in an automobile. This automobile belonged to the appellant, but Wynn was operating the same at that time as a taxi conveying people to and from the fair ground. English, the alleged injured party, got into the car with the purpose of going to the county fair. He took a seat beside Wynn, the driver, while appellant occupied the rear seat. They drove out the road towards Tenaha and after they had passed beyond the town of Tenaha a short distance appellant said to Wynn, "Stop the car," and when English turned his head to the rear seat occupied by the appellant he struck his chin against a gun. Whereupon appellant commanded English not to look at him or he would kill him and told him to "put 'em up." They then got out of the car. English put his hands up and so do Wynn. Wynn remarked, "Stick up your hands, it's a hold-up." Appellant searched English and took from his pockets $10.25. Appellant then commanded English to turn around and when he did so appellant struck him with the gun under the left eye and in the mouth causing the blood to flow freely and then said to Wynn, "Driver, start that car." Wynn got into the car and the two drove away leaving English standing in the road. English made his way back to town and reported the matter which lead to the arrest of Wynn and the appellant. While out on the road driving towards Tenaha Bud Wynn asked English if he knew that guy back there, and when English replied in the negative, he then asked him if he thought

there was any danger in him—to which English replied, "I don't know, you ought to know, you are hauling him and drinking the whisky."

John Calhoun testified that on the 14th day of October, 1936, he was the night watchman at Tenaha; that he saw a 1935 Model Ford pass along the street; that it bore a sign "Fair Grounds 10 Cents"; that some forty minutes later he saw Mr. English who had a cut under his left eye and his face partly bloody.

The appellant did not testify. He proved, however, by his wife that he did not own any pistol; and also proved by a number of witnesses that Mr. English was highly intoxicated on the occasion of the alleged robbery.

Appellant in due time urged a great number of objections to the court's main charge. His main objection being addressed to paragraph six of the charge which reads as follows:

"Certain testimony has been admitted before you as to conversations between R. F. English and Bud Wynn, before the commission of the offense, if any. With reference thereto, you are instructed that you cannot consider as evidence against the defendant, J. D. Smith, in this case, any act done, statement made, or conversation, if any, had with anyone, by the said Bud Wynn, prior to the commission of the offense, if any, unless you first find and believe from the evidence, beyond a reasonable doubt, that an agreement existed between the said Bud Wynn and the defendant, J. D. Smith, to commit the offense of robbery, as charged in the indictment; you are further instructed that in case you have a reasonable doubt as to the existence of an agreement between Bud Wynn and the defendant, J. D. Smith, to commit the offense of robbery, as charged in the indictment, then such acts, statements and conversations, if any, of the said Bud Wynn, prior to the commission of said offense, if any, must be excluded from consideration by you, and not considered for any purpose."

Appellant's objection to said charge being (a) that it was not shown by any evidence that there was any agreement between the defendant and Wynn to commit the offense; (b) because said charge was upon the weight of the evidence and suggests to the jury that the court might have been of the opinion that an agreement was shown circumstantially; (c) because no circumstances were shown that defendant and Bud Wynn had theretofore had an opportunity to plan and conspire to commit the offense, and, therefore, such an instruction was upon the weight of the evidence. We are unable to agree with

him in his contention. It was shown by the uncontroverted testimony that appellant and Bud Wynn were brother-in-laws and lived together in the same house; that the car in which English was taken beyond the town of Tenaha where he was robbed belonged to the appellant; that Bud Wynn was using the same as a taxi in conveying people to and from the fair grounds. It was further shown that when English entered the car to go to the fair grounds appellant occupied the rear seat; that instead of taking English to the fair grounds Wynn, who was driving the car, took the road towards Tenaha. Wynn pretended not to know the appellant and inquired of English if he knew the "guy" on the rear seat of the car and whether or not there was any danger in him. When the hold-up occurred and English got out of the car, Wynn got out also, and both held up their hands. English was searched by appellant and his money taken from his person. Wynn was not searched. English was struck by the appellant with a pistol. Wynn was not molested. English was left out on the road and Wynn was requested to get into the car with the appellant and drive back to Center. These circumstances to our mind are sufficient to show that there was an agreement and common understanding between the appellant and Wynn to commit the offense of robbery, at least, sufficient for the jury to draw such a conclusion. Hence the charge complained of was justified.

The other objections to the court's charge are that the same is upon the weight of the evidence. We have carefully reviewed the charge and reach the conclusion that it fairly and pertinently submitted the issues in the case.

Bill of exception number one is without merit.

Bill of exception number two is not certified by the trial court and therefore cannot be considered by this court.

By bills of exception numbers three and four appellant complains of certain argument made by the district attorney. The bills are qualified and as qualified fail to reflect reversible error.

By bill of exception number five appellant complains of the following argument made by the district attorney:

"Mr. English has not told you all of it; he can't remember all of it every time he testifies; I wish that he could remember it and tell you gentlemen about it."

Appellant objected to this as an unsworn statement of the prosecuting attorney; that it was outside of the record and was prejudicial. The record discloses, however, that the witness English was interrogated by the appellant's attorney with reference to his testimony at a former trial. His attention was

directed to discrepancies between his testimony on this trial and that given at a former trial. He admitted that he did not recall his former testimony in detail. The appellant then offered in evidence for the purpose of impeachment such excerpts of his former testimony as was at variance with the testimony given by him on this trial. We think that the argument was justified by the testimony.

Bills of exception numbers six, seven, eight, nine, ten, eleven, and twelve are all in question and answer form without a certificate of the trial court that it was necessary that they be in such form. Hence the same cannot be considered by this court under the authority of Monday v. State, 124 Texas Crim. Rep., 44. See art. 760, C. C. P.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In our former opinion we referred to appellant's bill of exceptions No. 2 as not being certified by the trial court. Appellant accompanies his motion for rehearing by a proper certificate of the court, and we have considered the bill. Same complains of the fact that the county attorney, in his closing argument, said: "I imagine that Hughes would have said 'Yes, big boy, I can get you some liquor.'" The rules governing bills of exceptions are well settled, and require that a bill, to entitle it to have weight, should be complete within itself, and should bring forward the surrounding facts and such setting as would enable this court to know from the contents of the bill under consideration that an error was committed. It does not require any extended discussion to make plain the fact that the bill under consideration falls far short of measuring up to these rules. We can not tell from this bill what led up to or caused the argument in question, or how it could have in anywise affected the decision of the case.

The motion for rehearing is overruled.