## J. B. LIVELY v. THE STATE.

No. 23683. Delivered June 4, 1947.

*Joe Bailey Humphreys,* of Crockett, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with unlawfully carrying on and about his person a pistol and by a jury sentenced to a term of 60 days in jail, and he appeals.

There are 23 bills of exception in the record, many of them but not all, however, reflecting error.

We think the actions of appellant at the time it was claimed he carried this pistol should have been admitted, and not his various misdeeds prior to the time in question. It is plainly apparent from the admitted testimony that appellant is a wayward young man, often found in trouble while trespassing upon the rights of others. Nevertheless, he should be tried upon the facts alone arising upon the occasion in which he was alleged to have carried this pistol, and not upon other misdeeds committed prior thereto.

The court in his charge to the jury twice required that appellant convince them beyond a reasonable doubt of his in-

486

nocence. This is not the law and such charge was excepted to at the proper time. The following is an instance of an improper charge as shown in Bill of Exception No. 16:

"Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant, J. B. Lively, did not carry, in the County of Houston, and State of Texas, on or about the 11th day of January, A. D., 1947, as alleged, in what is commonly known as the 'White Spot,' a restaurant, in Houston County, Texas, unlawfully carry on and about his person a pistol, as charged, then he would not be guilty as charged, and if you so find, you will find the defendant not guilty.

\*       \*    。    \*       \*

"If you find from the evidence, beyond a reasonable doubt, that the defendant is not guilty of the charge as alleged, you will say by your verdict, 'we, the jury, find the defendant not guilty' and sign said verdict by the Foreman of the Jury."

The State's Attorney before our court confesses error herein, and we agree with him.

To write on each one of the 23 bills, many of them complaining of errors, would unduly lengthen this opinion. Suffice it to say that in the event of another trial, appellant should be tried only on the facts surrounding the alleged carrying of a pistol.

The judgment is reversed and the cause remanded.