Jimmy Wilbur EWALT, Appellant,

v.

The STATE of Texas, Appellee.

No. 35042.

Court of Criminal Appeals of Texas.

Jan. 2, 1963.

Charles W. Tessmer, Dallas, on appeal, for appellant.

Henry Wade, Dist. Atty., Emmett Colvin, Jr., Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Unlawfully carrying a pistol is the offense; the punishment, one year in jail.

Officer J. K. Slemmons testified that he, with his partner, J. W. Barnett, was cruising in the 100 block of North Haskell, a street in Dallas, Texas, about 10:55 in the evening, August 30, 1960. The officers testified that they heard a disturbance at a night club and heard someone yell " 'I will knock your damn head off' " or " 'I will blow your head off' " or something to that effect. The officers further testified that they saw a man run south on Haskell and into an alley and that he appeared to have a revolver of some type in his hand. The officers pursued the man, whom they identified as appellant, and found him hidden in a doorway. Finding no weapon on the person of appellant, Officer Slemmons, in the company of U. S. Marshal Dick Bagley, searched the alley and found nothing. Officer Slemmons made a second search and found a pistol in the bottom of a trash can. The pistol was loaded with six rounds of ammunition, the same being identified at

trial by Officer Slemmons and introduced in evidence. U. S. Marshal Dick Bagley testified that he was traveling south on Haskell when he heard a woman scream, and he saw a man with a pistol, holding it on another man who was pleading " 'Please don't'," and a woman was also pleading with the man holding the pistol. Marshal Bagley further testified that before he could stop his car and jump out, the man with the pistol ran down the alley and as he, Bagley, started to get a light from his car he saw the police car. The marshal identified the appellant, at trial, as the man with the pistol. Officer Barnett testified that the persons in front of the night club on his arrival there, after he and his partner found and arrested the appellant, were Marshal Bagley, Bill McNees, Floyd Mason, and and unidentified woman.

Appellant did not take the stand but his brother, Teddy Adele Ewalt, testified to a conversation at some unspecified prior date at a drive-in in which McNees claimed appellant owed him some money and he would collect it one way or another. The witness attempted to testify to a prior relationship between appellant's wife and Bill McNees, which evidence was excluded. On offer of proof, however, the witness could testify only to a common knowledge, having no personal knowledge of his own, and, further, that he would have considered the conversation about the collection of money owed (to which he had already testified before the jury retired) as a threat to kill, and that he had never seen his brother, the appellant, come home with any marks from any beating.

Witness Guy Glasgow, Assistant District Clerk of Dallas County, Texas, brought a record of a final judgment in a cause between Jimmy Ewalt and Patricia Ann Ewalt, dated October 17, 1960. Appellant's counsel offered the judgment or decree of the Domestic Relations Court on the theory of self-defense, which evidence was excluded by the court as not material.

Appellant's counsel urges four propositions as error, all preserved by informal bills of exception. There are no formal bills.

Appellant's first contention is that the court erred in not directing a mistrial when the prosecutor waived an affidavit of appellant's wife before the jury during closing argument, the affidavit never having been introduced or offered in evidence. The record reflects that the prosecutor stated: "He talks about not knowing who this is, not knowing who this woman is. Well, I will define that, Ladies and Gentleman. That was his wife; *I have a statement right here from her saying she doesn't want to prosecute.*" (Emphasis supplied.) We observe that appellant's trial counsel had earlier said:

" * * * it will shock and stagger your imagination when you walk out of this community and find out what the true facts of the lawsuit are, because you can reasonably and logically deduce that no man, you, and you, and anybody else, would take a woman in custody for an offense out there, when that same individual be cited as to that, and take that individual to jail and charged and never be able to know who that person is. Why would they do that? Why would they do that? What is the skillfulness of the manoeuvre? Why not simply tell us who this woman is? Why not do it? All those records—they jump on me and say they are available to you * * *. They are, by subpoena only. When I walk to that jail house they tell me 'You are in error, you cannot see our records.' Why? Where is this thing we look for, the reason to withhold this information as to who this woman was? It was later, mind you, had committed an offense subsequent to that, was placed in the car and subsequently jailed for it. Why do they want to withhold it? Why do they? How can I subpoena an unknown person? I

know and you know why they wouldn't let those people, down there yesterday, one of them, tell us who this woman was. You can reasonably deduce and speculate and surmise *this woman was Patricia Ann Ewalt* * * *." (Emphasis supplied.)

Appellant relies upon Cole v. State, 171 Tex.Cr.R. 255, 347 S.W.2d 719, to support his contention that "'The unsworn statement of State's counsel to the jury of a material fact adverse to defendant which was not put in evidence during the trial will require the judgment of conviction to be set aside.'" We agree with the principle enunciated in Cole. We think, however, that in the case at bar the argument that appellant complains of was occasioned, justified, or provoked by his own trial counsel and was invited by him. We see no error in the remarks. Dupree v. State, 80 Tex.Cr.R. 211, 190 S.W. 181; Kessler v. State, 136 Tex.Cr.R. 340, 125 S.W.2d 308; Lerma v. State, 150 Tex.Cr.R. 360, 200 S.W.2d 635; Wells v. State, 153 Tex.Cr.R. 331, 220 S.W.2d 148.

We notice that the cautious trial judge sustained an objection to and instructed the jury to disregard the final remark of the prosecutor to the effect that the woman did not want to prosecute. If the remark was improper, it is difficult for us to conceive how a desire not to prosecute could be viewed as prejudicial. Any injury is obviated by the court's ruling unless the nature of the remarks is such as to obviously impair the rights of the accused. Zepeda v. State, Tex.Cr.App., 353 S.W.2d 221.

Appellant urges as his second proposition of law that the trial court erred in excluding evidence of the circumstances that might have led appellant to carry a weapon, it being his position that such evidence was relevant in mitigation of punishment. He attempted to show through one Teddy Adele Ewalt, his brother, that the wife of appellant, or former wife, was involved with one Bill McNees and that McNees had threatened appellant's life. The trial court sustained an objection to this testimony as being immaterial. The jury was retired, and appellant perfected his bill. No competent evidence to this effect was produced in the bill of exception, as the witness knew nothing of his own knowledge of any such association and merely concluded that there was a threat on the life of appellant, on testimony that had already been admitted. Appellant contends that he is entitled to all the beneficial evidence on his behalf that may be relevant to the charge against him or the extent of the punishment that should be imposed. Appellant's able counsel concedes in his brief that threats against an individual do not give that individual license to carry a weapon for his protection and that the existence of threats or danger is not a defense to a charge of carrying a dangerous weapon. It is the position of appellant's counsel that the existence of threats is relevant to the proper punishment. Appellant relies upon Lively v. State, 150 Tex.Cr.R. 485, 202 S.W.2d 850, Claus v. State, 130 Tex.Cr.R. 250, 93 S.W.2d 727, and Knoble v. State, 100 Tex.Cr.R. 341, 273 S.W. 594, to sustain his contention.

Appellant has correctly construed the holding of this court in Lively, supra, which held that the actions of the defendant at the time it was claimed he carried a pistol should have been admitted, but not his various misdeeds prior to the time in question. Lively's case was reversed. The state could not properly bring in "other misdeeds" committed prior to the pistol offense. We express the view that neither could the state bring in antecedent acts of misconduct culminating in the event that happened at the scene of the offense. We hold that the appellant comes under the same rule of prohibition as expressed by us in the Lively case. Neither can he bring in prior benevolent acts or acts justifying, extenuating, or minimizing his conduct prior to the night of the offense. It is appellant's view that he should have

been allowed to produce facts showing antecedent acts, not facts as to what happened at the scene of the offense, and that he should have been entitled to show why the disagreement arose and why the appellant carried a gun. He contends that these were relevant facts.

From what we have said, it is our opinion that Lively, supra, does not support appellant's contention. Neither do we think that Claus and Knoble, supra, support his position. In those two cases the evidentiary facts pertained to actions at the time of the alleged offense of carrying a pistol. No authority has been cited, and we know of none, supporting appellant's theory of admitting evidence in mitigation of punishment in a pistol case, a non-intent crime. Appellant's second proposition is overruled.

■ The third proposition advanced by appellant is that the court erred in not allowing him time to perfect a bill of exception. Appellant called an assistant district clerk and offered in evidence at trial a divorce judgment dated October 17, 1960, on the stated theory of self-defense, that is, on the issue of inducing cause to appellant's carrying a weapon. It is his position that the records were expected to show a divorce action between appellant and his wife; that they were relevant to show that appellant had had difficulty with his wife; that this would support the fact of his fear of Bill McNees. The trial court rejected the records on the objection of immateriality, and appellant offered to perfect his bill at that time by reading the judgment of the Dallas district court into the record. To this offer the court replied: "All right. Let the court reporter mark it so later on she can find it." The statement of facts reflects that the assistant district clerk testified fully upon direct examination by appellant's trial counsel that he had brought with him Volume EE of the Minutes of the district clerk; that he looked at page 669 to which appellant's counsel directed his attention "that we have marked there"; that the records were the official records of that court and that he was the assistant district clerk; that the minutes had been approved and further in response to a question "What page does that cause appear on?," he responded: "669"; that the cause number was 60–479; that the style of the proceeding was Ewalt vs. Ewalt; that the first names were "Jimmy and Patricia Ann"; that the matter was finally concluded and judgment entered on October 17, 1960. Objection was then made to "anything that happened after the date of this offense in this case," the objection being that it would be self-serving and also it would be immaterial.

The record in this case reflects that the date of the offense was August 30, 1960. Had the bill of exception been taken at the requested time, we perceive no way that it would have or could have reflected error. From what we have said, all but the formal parts of the divorce decree were read into the evidence before the jury, before any objection was taken. The evidence adduced was sufficient to have availed the appellant of his *purported right of self-defense*, which we fail to recognize in a case of this character. The trial court's action is a clear indication to us that, as reflected by the record, he made a clear indication to permit a perfection of the bill of exception later. No reversible error under Article 759a, Sec. 2(a), Vernon's Ann. Code Crim.Proc. appears. Pate v. State, 171 Tex.Cr.R. 126, 345 S.W.2d 532.

■ Appellant's last proposition is that the trial court abused his discretion in refusing to permit him to re-open and call a witness in his behalf after the beginning of jury arguments. Appellant desired to call a witness by the name of Mike Ginzell. The character of the proposed testimony was not stated to the court. In the absence of such a showing it was not error to refuse to allow such testimony. Richards v. State, 34 Tex.Cr.R. 277, 30 S.W. 229. Where there is nothing to show that the rejected

evidence was of a character calculated materially to change the state of the case favorably to the accused, there is no ground for reversal. Baker v. State, 130 Tex.Cr. R. 649, 95 S.W.2d 401; Waldrip v. State, 130 Tex.Cr.R. 205, 93 S.W.2d 414; Heidingsfelder v. State, 128 Tex.Cr.R. 351, 81 S.W.2d 510.

 Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.